## P. M. LANG v. D. W. LIGHT ET AL.

### Decided March 19, 1909.

**1.—Warranty—Breach—Judgment—Independent Executrix of Vendor—Personal Liability—Pleading.**

Where a vendee sought to recover over on a breach of warranty against the independent executrix of his deceased vendor, who was the surviving

wife, and alleged that property of the vendor's estate of a certain amount had come into her hands, of which there was still in her hands property of certain value, which was subject in her hands to the payment of the incumbrance, and there was no allegation that she was devisee, and no attempt to state a case upon the theory that the property was community or upon the theory that she, as executrix, had converted or disposed of the property, the case made was one seeking to charge her as executrix, and a personal judgment against her was not supported by the pleading. That she was sole devisee and a personal judgment was prayed for, can not affect the question.

### 2.—Limitation—Actions against Independent Executors.

There is no limit of time upon the right of a creditor to bring suit against an independent executrix upon the valid and existing debt of the deceased, except that such a suit would not lie against her after she had fully administered and disposed of the estate.

### 3.—Same—Jurisdiction—Judgment.

Where the case made by the pleading was against the independent executrix in her representative capacity, to recover on a warranty of the decedent; and there being no question as to the debt and amount; and the evidence showing that she qualified as independent executrix in 1892; that she was sole devisee; and that there remained property coming into her hands as independent executrix more than enough to satisfy the debt, without any termination of her relation as executrix, judgment should have been rendered against her as executrix. The contention that the court was without power or jurisdiction to render such a judgment because of the lapse of time, cannot be sustained.

Error from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*A. J. Clendenen,* for plaintiff in error.

*Don A. Bliss,* for defendant in error.

JAMES, CHIEF JUSTICE.—D. W. and G. E. Light sued T. B. Jones to recover $853.63 for breach of warranty of title, growing out of back taxes on certain lands. Jones, by a special plea, caused Mrs. Lang to be made a party, asking judgment against her personally, or as independent executrix of the will of her husband, J. J. Lang, or in both capacities, by reason of substantially the following allegations: That J. J. Lang had warranted the title to a certain one of the tracts of land described in the petition to Jones, and covenanted that the tract was free from incumbrance. That Jones did not become aware of the fact that the tract was incumbered until a few weeks before bringing this action, when he learned that it was subject to a lien for the State and county taxes for the years 1885 to 1889 inclusive, and that suit had been brought by the State to enforce same and to foreclose said lien, the said incumbrance amounting, with interest, costs and penalties, to $659.32. The plea proceeds and concludes as follows: "This defendant further shows that after the execution and delivery of said deed to this defendant and prior to the 14th day of April, 1892, the said J. J. Lang departed this life testate, and his will was duly probated in the County Court of Wise County, Texas, and the said Mrs. P. M. Lang, the surviving wife of the said J. J. Lang, was duly appointed by said County Court as the executrix of said will, and she duly qualified as such by making the oath and giving

the bond required by law. This defendant further shows that a large amount of property of the value of, to wit, $50,000, belonging to the estate of the said J. J. Lang, has come into the hands of the said Mrs. P. M. Lang, and that a large amount of said property of the value of, to wit, $25,000, is still in the hands of the said Mrs. P. M. Lang, which said property is subject, in her hands, to the payment of said incumbrance. Wherefore this defendant prays that the said Mrs. P. M. Lang be duly cited herein both in her individual capacity and in her capacity as executrix of said will, and that, on final hearing, if the plaintiff herein should recover of this defendant the amount of said taxes on the said tract or any part of said taxes, alleged to have been paid by him, together with any interest, penalties and costs of said suit, then that this defendant have judgment over against the said Mrs. P. M. Lang in her individual capacity or in her capacity as such executrix as may be proper, or in both capacities, for any amount of such taxes, interest, penalties and costs as to said tract that plaintiff may recover of this defendant. This defendant further prays for general relief, including his costs."

The cause was tried by the court, and judgment was rendered for plaintiffs against Jones for $763.75 and interest, and in favor of Jones against Mrs. Lang individually for $404.75 and interest. The appeal is by Mrs. Lang.

The first assignment of error and proposition thereunder is that the pleading of Jones is insufficient to support the judgment, in that it alleges the receipt by a devisee of property of the testator sufficient to pay the debt sued for, but does not specifically describe any property received. The second assignment is directed to the same pleading and is substantially the same, but states the proposition thus: "A personal judgment can not be rendered in favor of a creditor of a deceased person against the heirs or devisees of the estate upon pleading and proof that property of the estate, sufficient to pay all debts, was received by such heir or devisee."

It does not appear to be questioned that the plea was sufficient in its terms to have supported a judgment against Mrs. Lang in her capacity as executrix, and it could not well be otherwise contended. The judgment was against her personally. Does the plea state a case against her personally? The question involves a fundamental matter. We think it does not. There is not in the whole plea any fact stated showing her to have incurred a personal liability for the debts of the estate. It is only in the prayer that the subject of her personal responsibility is mentioned, and the prayer, of course, has no basis except in the allegations in connection with which it is made.

The plea alleges that she qualified as the executrix of Lang's will, that property of Lang's estate of the value of $50,000 had come into her hands, of which there is still in her hands property of the value of $25,000, which is subject in her hands to the payment of said incumbrance. There is no allegation that she was devisee and no relief was contemplated upon that theory. These allegations go no further than to state a case against her as executrix. There is no case attempted to be stated upon the theory that the property was community; nor upon the theory that Mrs. Lang was devisee of the prop-

erty; nor upon the theory that she, as executrix, had wrongfully converted or disposed of the property, for there were no such allegations. The case stated by the plea was, purely and simply, one seeking to charge her as executrix, and this was its entire scope. Regardless of what the evidence may have been, the pleading was not sufficient to support the personal judgment.

The third assignment is: "The court was in error in trying the case upon the assumption that the defendant, Mrs. P. M. Lang, would be liable to a judgment over against her in favor of T. B. Jones for such judgment as might be rendered against him in favor of the plaintiffs, in the event that it should be shown by the evidence that she had received as the devisee of J. J. Lang, deceased, money and property of the value in excess of the sum paid out by her upon the debts of the decedent; whereas in law the said T. B. Jones would have possessed only the right to enforce a lien against such property as might still remain in her hands which she had received as a devisee or legatee of said decedent." The theory of her liability as the devisee of Lang did not exist in the pleading, and it is therefore not necessary to deal with the case from that standpoint.

The fourth assignment is submitted as a proposition. It reads: "The court was without power or jurisdiction to require this defendant to render an account of the money and property received by her from the estate of J. J. Lang, deceased, either as independent executrix or as devisee named in the will, after the lapse of sixteen years, and to allow or disallow such payments and credits as to the court might seem proper; the court possessed only the power, upon proper pleading and proof that this defendant had in her hands at the date of trial property received as an heir, devisee or legatee of the will of the deceased, to foreclose a lien upon such property for the amount of the debt established against the deceased, and erred in the judgment rendered for the reasons stated."

We know of no limit of time upon the right of a creditor to bring suit against an independent executrix, upon a valid and existing debt of the deceased, except that such a suit would not lie against her after she had fully administered and disposed of the estate. The evidence shows that she qualified as independent executrix in 1892. The will shows that she was sole devisee. She being the sole devisee, naturally there was no distribution, and the undisposed-of property remained in her hands without any termination of her relation as executrix. Appellant states as a fact in the case, that "At the date of the trial she had disposed of all of the property which came into her hands, either as executrix or devisee, except 1,288 acres of land in Crockett County and 520 acres in Schleicher County valued at about $1 per acre." No question is raised concerning the validity of the debt or the amount adjudged. Under these circumstances the judgment of the District Court should have been for Jones against Mrs. Lang in her capacity of independent executrix. The judgment of the District Court will be reversed as between Jones and appellant and such judgment rendered here as should have been rendered in the District Court, appellant to recover the costs of the appeal.

*Reversed and rendered.*